IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **BINKLEY & BARFIELD, INC.** | § § § § | |
| **Plaintiff** | § § § | |
| vs. | § § § | NO. _____ |
| **UNITED STATES OF AMERICA** | § § § § | |
| **Defendant** | § § § | |

## ORIGINAL COMPLAINT

COME NOW, Binkley & Barfield, Inc., by and through its undersigned counsel, and files this Original Complaint against the United States of America, and alleges as follows:

### PARTIES

1. Plaintiff, Binkley & Barfield, Inc., is a domestic corporation with its principal place of business located in Houston, Texas. The company is organized under the laws of Texas and operates in the United States with principal offices located at 1710 Seamist Dr., Houston, Texas, 77008.

2. Binkley & Barfield, Inc. has a Taxpayer Identification Number of ███████. The returns for the relevant period were filed with the Office of the Internal Revenue Service in Ogden, Utah.

3. Defendant is the United States of America (hereinafter sometimes referred to as "Defendant" or "Government") and may be served by mailing two copies of this Original Complaint by certified mail to Alamdar Hamdani, United States Attorney for the District of Texas, at 1000 Louisiana, Ste. 2300, Houston, Texas, 77002; and mailing two copies of this Original

1

Complaint by certified mail to Merrick B. Garland, Attorney General of the United States, 950 Pennsylvania Ave., NW, Washington, D.C. 20530-0001.

## JURISDICTION AND VENUE

4.  This civil action against the United States of America for a refund of amounts paid to the Internal Revenue Service under 26 United States Code § 7422.

5.  This Court has jurisdiction pursuant to 28 United States Code §§ 1340 and 1346, and venue is proper under 28 United States Code § 1402.

## BACKGROUND

6.  This is an action arising under the Internal Revenue Code of 1986, as amended, and codified in Title 26 of the United States Code § 6511(d)(4)(A), to claim a refund in the amount of $393,536 which was generated due to a carryback of Net Operating Losses ("NOL") that were generated in Tax Year ending December 31, 2019, plus interest thereon as provided by law.

## ISSUES

### A. TAXPAYER'S CLAIM FOR REFUND WAS TIMELY FILED

7.  On July 30, 2021, Binkley & Barfield, Inc. filed its amended Form 1120 for Tax Year 2015 to claim a refund of $393,536 due to a carryback of a Net Operating Losses that were generated in Tax Year 2019.

8.  Title 26 United States Code § 6511(a) states that a "claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later…" Further, Title 26 United States Code § 6511(b)(1) states that "no credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit

or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

9.      26 United States Code § 6511(d)(4)(A) further states:

> ***(4) Special period of limitation with respect to certain credit carrybacks***
>
> ***(A) Period of limitation***
>
> <u>*If the claim for credit or refund relates to* an overpayment attributable to a credit carryback</u>*, in lieu of the 3-year period of limitation prescribed in subsection (a),* <u>*the period shall be* that period which ends 3 years after the time prescribed by law for filing the return</u> *(including extensions thereof) for the taxable year of the unused credit which results in such carryback (or, with respect to any portion of a credit carryback from a taxable year* <u>*attributable to a net operating loss carryback*</u>*, capital loss carryback, or other credit carryback from a subsequent taxable year, the period shall be that period which ends 3 years after the time prescribed by law for filing the return, including extensions thereof, for such subsequent taxable year) or the period prescribed in subsection (c) in respect of such taxable year, whichever expires later. In the case of such a claim, the amount of the credit or refund may exceed the portion of the tax paid within the period provided in subsection (b)(2) or (c), whichever is applicable, to the extent of the amount of the overpayment attributable to such carryback.*"

10.     Pursuant to 26 United States Code § 6511(d)(4)(A), October 15, 2023, was the last day on which Plaintiff could file an amended 2015 return to claim the carryback Net Operating Loss.

11.     Title 26 United States Code § 7502 states that "any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period on or before a prescribed date under authority of any provision of the internal revenues laws is, after such period or such date <u>delivered</u> by United States mail to the agency . . . the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed <u>shall be deemed to  be the date of delivery or the date of payment</u>, as the case may be" (emphasis added).

12.     The Internal Revenue Service received Plaintiff's amended tax return requesting a refund in July of 2021. (See Exhibit A and Exhibit B)

3

13. On July 30, 2021, Plaintiff timely filed its amended Form 1120 income tax return, two years before the October 15, 2023, deadline.

14. An examination of the 2019 tax year was opened in October of 2020.

15. Over six months has passed from the date the 2019 tax year examination began.

16. The 2019 tax year closed in May of 2022 with a finding of no changes to taxes claimed or owed. (See Exhibit C)

17. No notice of disallowance has been issued for tax year 2015.

18. However, to date, the tax refund resulting from Net Operating Losses which generated in 2019, and which was carried back to 2015, remains unpaid.

19. On July 3, 2023, Plaintiff filed a Form 911 requesting the assistance the Taxpayer Advocate Service.

20. On October 4, 2023, Plaintiff informed the assigned Taxpayer Advocate of a potential financial hardship due to the delay in the processing of its tax returns, which also included the 2021 tax year return.

21. The Taxpayer Advocate was successful in expediting the processing of the Plaintiff's 2021 return.

22. Plaintiff requested additional assistance from the Taxpayer Advocate for the claim for refund for the 2015 tax year.

23. Plaintiff repeatedly contacted the I.R.S. through Taxpayer Advocate Services to aid in securing the requested net operating loss carryback but, as of the date of the filing of the instant Complaint, has not received payment, making the filing of this suit necessary.

## CAUSE OF ACTION

24. Plaintiff hereby incorporates and alleges, as if fully stated herein, each of the allegations of Paragraphs 1 through 21 above.

25. On July 30, 2021, Binkley & Barfield, Inc. filed with the I.R.S. an amended federal income tax return asserting a claim for refund for taxable year ending December 31, 2015, in the amount of $393,536 resulting from a carryback of net operating losses generated in the 2019 tax year.

26. The Tax Year 2019 tax return was examined and closed with no additional taxes assessed and with no changes. Therefore, it has now been accepted by the Internal Revenue Service and therefore it should follow that the 2015 tax return that is being amended for the 2019 carryback of NOL should also be processed and a refund issued.

27. As allowed under 26 U.S.C. section 7422 – Civil Action for Tax Refund, Binkley & Barfield, Inc. seeks payment of a claimed tax refund of $393,536, which remains unpaid to date, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Binkley & Barfield, Inc., prays for judgment against Defendant, the United States of America, in the amount of $393,536 or such greater amount as determined to be allowed by law, plus interest, and court costs as allowed by law, and for such other and further relief as the Court may deem proper.

Date: <u>March 18th, 2024</u>    Respectfully submitted,

*/s/ Jefferson H. Read*
JEFFERSON H. READ
ZERBE, MILLER, FINGERET, FRANK & JADAV
Texas State Bar No. 24025605
Fed. Id. No. 25563
3009 Post Oak Blvd., Suite 1700
Telephone: 713-350-3529
Facsimile:  713-350-3607
Email:  jread@zmflaw.com

*/s/ Kerith A. Willard*
KERITH A. WILLARD
ZERBE, MILLER, FINGERET, FRANK & JADAV
Texas State Bar No. 24115951
Fed. Id. No. 3715155
3009 Post Oak Blvd., Suite 1700
Telephone: 713-350-3529
Facsimile:  713-350-3607
Email: kwillard@zmflaw.com

**ATTORNEYS FOR PLAINTIFF,
BINKLEY & BARFIELD, INC.**

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.3 and F.R.C.P. 5(b) I hereby certify that the foregoing Complaint was served on the following party via FedEx on March 18th, 2024:

Alamdar Hamdani
United States Attorney
for the District of Texas
1000 Louisianna, Ste. 2300
Houston, Texas, 77002

Merrick B. Garland
Attorney General of the United States
950 Pennsylvania Ave., NW,
Washington, D.C. 20530-0001

/s/ *Jefferson H. Read*
Jefferson H. Read (Fed. Id. No. 25563)

/s/ *Kerith A. Willard*
Kerith A. Willard (Fed. Id. No. 3715155)